ELECTRONICALLY FILED
COURT OF COMMON PLEAS
Monday, March 2, 2020 2:21:23 PM
CASE NUMBER: 2020 CV 01104 Docket ID: 34383921
MIKE FOLEY
CLERK OF COURTS MONTGOMERY COUNTY OHIO

## IN THE COMMON PLEAS COURT OF MONTGOMERY COUNTY, OHIO
## CIVIL DIVISION

| | |
|---|---|
| **DEREK W. WHITE**<br>662 W. Mulberry Street<br>Springfield, Ohio 45506<br><br>Plaintiff,<br><br>vs.<br><br>**KROESCHELL FACILITY SERVICES, INC.**<br>600 Sandau Road, Suite 600<br>San Antonio, Texas 78216<br><br>Defendant. | Case No._____<br><br>Judge_____<br><br><br><br><br>**COMPLAINT WITH JURY DEMAND**<br>**ENDORSED HEREON** |

Now comes Plaintiff Derek W. White, by and through his counsel, and for his Complaint against Defendant Kroeschell Facility Services, Inc. states and avers as follows:

### I. PARTIES, JURISDICTION AND VENUE

1. This is a wrongful discharge case predicated on racial discrimination, age discrimination and sexual harassment pursuant to Ohio Revised Code Sections 4112.02 and 4112.99 Ohio Revised Code.

2. Plaintiff Derek W. White an African American is a former employee of Defendant Kroeschell Facility Services, Inc. ("Defendant" or "Kroeschell"). Plaintiff is over 40 years of age.

3. Defendant Kroeschell Facility Services is a foreign corporation who previously employed Plaintiff from January 27, 2013 to the date of his wrongful discharge on December 22, 2017.

4. This Court has subject matter jurisdiction over wrongful discharge actions.

EXHIBIT A

5. Venue in this County is appropriate because Defendant conducts business in this County.

## II. BACKGROUND FACTS

6. Plaintiff restates the allegations of paragraphs 1 through 5 herein as if fully rewritten herein.

7. Plaintiff began his employment with Defendant Kroeschell on or about January 27, 2013 as a lead custodial worker.

8. Plaintiff always performed his work and services for Defendant in an exceptional manner.

9. Plaintiff was the only African American or minority employee in his department.

10. During the time of his employment he generally reported to Holly O'Bannon.

11. During the time of his employment, Plaintiff often worked overtime hours for which he was not paid for. Plaintiff complained to his supervisor, Holly O'Bannon and attempted to complain to O'Bannon's supervisor about same.

12. Plaintiff suggested to management that additional personnel be hired and that he be provided a pay increase.

13. When the problems did not improve Plaintiff went to see his supervisor, Holly O'Bannon again to discuss the issues. Instead of addressing his concerns, the supervisor sat on Plaintiff's lap and "grinded" on him.

14. Plaintiff complained to Defendant management about the supervisor's actions, but received no response. Instead Ms. O'Bannon began to document alleged performance problems about Plaintiff.

2

EXHIBIT A

15. Further, supervisor Holly O'Bannon provided a smaller workload to substantially younger male employees who did not resist her sexual activity as opposed to Plaintiff who did resist same.

16. Subsequently O'Bannon and other supervisors conspired together to advise Defendant's corporate headquarters that Plaintiff was allegedly violating Defendant's work rules which allegations were not true.

17. Due to the matters set forth and further due to his race, African American, and age, Plaintiff was terminated on December 22, 2017.

### III. CAUSES OF ACTION

#### A. RACIAL DISCRIMINATION
(Ohio Revised Code Sections 4112.02 and 4112.99)

18. Plaintiff restates the allegations of paragraph 1-17 as if fully restated herein.

19. Plaintiff is an African American and a member of a class of individuals protected from racial discrimination in his employment pursuant to Sections 4112.02 and 4112.99 Ohio Revised Code.

20. Plaintiff was treated differently than comparable Caucasian employees in respect to working conditions, up to and including his termination of employment.

21. As a result of Defendant's unlawful conduct Plaintiff has been damaged to the extent of lost pay and benefits and the incurring of attorney fees. Plaintiff has also sustained emotional distress and mental anguish.

22. Defendant's actions complained of herein were intentional, willful, wanton and malicious warranting the imposition of punitive damages.

#### B. SEXUAL HARASSMENT
(Ohio Revised Code Sections 4112.02 and 4112.99)

EXHIBIT A

23. Plaintiff restates the allegations of paragraph 1-22 as if fully restated herein.

24. Plaintiff is protected from sexual harassment in his employment pursuant to Sections 4112.02 and 4112.99 Ohio Revised Code.

25. Plaintiff was sexually harassed by his direct supervisor as described above and after rejecting her overtones, he was subject to retaliation, up to and including termination.

26. Plaintiff also received less desirable work assignments than male employees who did not spurn the said supervisor's sexual behavior.

27. As a result of Defendant's wrongful actions and Plaintiff's subsequent termination, he has been damaged in the form of lost pay and benefits and the incurring of attorney fees. Plaintiff has also sustained emotional distress and mental anguish.

28. Defendant's actions complained of herein were intentional, willful, wanton and malicious warranting the imposition of punitive damages.

### C. AGE DISCRIMINATION
(Ohio Revised Code Section 4112.14)

29. Plaintiff restates the allegations of paragraph 1-28 as if fully restated herein.

30. Plaintiff is protected from age discrimination in his employment by Ohio Revised Code Section 4112.14.

31. Plaintiff was treated differently by Defendant than substantially younger employees in respect to the terms and conditions of his employment, up to and including his termination.

32. As a result of Defendant's unlawful conduct Plaintiff has been damaged to the extent of lost pay and benefits, the incurring of attorney fees and has sustained mental anguish and emotional distress.

33. Defendant's actions complained of herein were intentional, willful, wanton and malicious warranting the imposition of punitive damages.

EXHIBIT A

**WHEREFORE**, Plaintiff demands judgment against Defendant Kroeschell Facility Services, Inc., as follows:

A. Reinstatement, plus back pay and lost benefits;

B. Compensatory damages in an amount in excess of Fifty Thousand Dollars ($50,000);

C. Punitive damages in an amount in excess of Fifty Thousand Dollars ($50,000);

D. Reasonable attorney fees, costs and expense;

E. Pre and post judgment interest; and

F. Such other relief this Court deems just and equitable.

Respectfully submitted,

DUWEL LAW

*/s/ David M. Duwel*
David M. Duwel (0029583)
130 West Second Street, Suite 2101
Dayton, OH 45402
(937) 297-1154, telephone
(937) 297-1152, facsimile
david@duwellaw.com

*Attorney for Plaintiff*

## JURY DEMAND

Plaintiff requests a trial by jury on the claim pleaded.

*/s/ David M. Duwel*
DAVID M. DUWEL

5

EXHIBIT A